# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SANDRA NAGENGAST,                )
                                 )
        Plaintiff,               )
                                 )     CIVIL ACTION
v.                               )
                                 )     No. 10-1287-JWL
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                 )
        Defendant.              )
_____  )

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i) and 223 of the Social Security Act. 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act). Finding error in the Commissioner's step four analysis, the court ORDERS that the decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

**I.      Background**

Plaintiff applied for DIB, alleging disability since November 2, 1996. (R. 11, 102-04). The application was denied initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge (ALJ). (R. 11, 55-56, 75-76).

Plaintiff's request was granted, and Plaintiff appeared with counsel for a hearing before ALJ Robert J. Burbank on August 25, 2009. (R. 11, 19). At the hearing, Plaintiff testified regarding her alleged disability, and amended her alleged onset date to July 21, 2006. (R. 11, 24-25, 38). On October 2, 2009 ALJ Burbank issued his decision finding that Plaintiff is capable of performing her past relevant work as a housekeeper and is therefore not disabled within the meaning of the Act. (R. 11-18). Plaintiff sought Appeals Council review of the decision and submitted a brief in that regard. (R. 6-7, 253-56). The Council considered Plaintiff's brief and made it a part of the administrative record, but found that it did not provide a basis for changing the ALJ's decision, and denied Plaintiff's request for review. (R. 1-2). Therefore, the ALJ's decision is the final decision of the Commissioner. (R. 1); Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006). Plaintiff now seeks judicial review of that decision. (Doc. 1).

## II.     Legal Standard

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (same); Brandtner v. Dep't of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998) (sole jurisdictional basis in social security cases is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the Plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine

whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); see also, Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity

that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment, and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  If claimant's impairment(s) does not meet or equal a listed impairment, the Commissioner assesses claimant's residual functional capacity (hereinafter RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform her past relevant work, and whether, when considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on claimant to prove a disability that prevents

performance of past relevant work. Blea, 466 F.3d at 907; accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the economy within Plaintiff's capability. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred both in his RFC assessment--by failing to engage in a function-by-function assessment of Plaintiff's ability to perform work-related activities before he expressed the RFC in terms of the exertional categories--and at step four of the sequential evaluation process--by failing to make an on-the-record determination regarding the physical and mental demands of Plaintiff's past relevant work. The Commissioner admits that the ALJ did not make a function-by-function assessment before finding that Plaintiff has the RFC for light work, but argues that the error is harmless because the treating sources did not place restrictions on Plaintiff which were inconsistent with either the ALJ's RFC assessment or with Plaintiff's past work. Moreover, the Commissioner argues that the ALJ made a proper step four finding because the ALJ considered the physical and mental demands of Plaintiff's past relevant work as it is generally performed in the economy, and that Plaintiff makes no argument about "what part, if any, of her past relevant work as described in the DOT [(Dictionary of Occupational Titles)] she could not have performed during the relevant period." (Comm'r Br. 7). Because the court agrees that the ALJ did not make an on-the-record determination regarding the physical and mental demands of Plaintiff's past relevant work, it finds that remand is necessary for the Commissioner to apply the correct legal

standard in his disability determination. Although the court entertains serious doubts whether the ALJ's error in failing to make a function-by-function assessment of Plaintiff's ability to do work related-activities was harmless, for the purpose of deciding this case the court will assume that the error was harmless, and will proceed immediately to consideration of Plaintiff's step four argument.

### III.  Step Four

The ALJ found that Plaintiff has a combination of severe impairments including: chronic fatigue syndrome, fibromyalgia, left hand tremor, and bipolar disorder. (R. 13) (finding no. 3). In assessing the severity of Plaintiff's bipolar disorder at step two and three, the ALJ determined that Plaintiff has "moderate" limitations in concentration, persistence, or pace because she has reminders to take her medication, and she writes things down to help remember them. (R. 14). He noted that a mental RFC assessment is more detailed than assessing the severity of a mental impairment at step two and three, but stated that his RFC assessment reflected the severity of Plaintiff's mental impairments. Id. The ALJ assessed Plaintiff with the RFC "to perform light work as defined in 20 C.F.R. 404.1567(b) except she can only occasionally climb, balance, stoop, kneel, crouch, or crawl. She is limited to simple work." Id. (finding no. 5).

Here, the court quotes the ALJ's step four finding and analysis in its entirety:

> **6. The claimant is capable of performing past relevant work as a housekeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**

> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed. The Dictionary of Occupational Titles indicates that housekeeper (DOT # 323.687-014) is a light unskilled (SVP 2) position.

(R. 17) (bold finding in original).

At step four of the sequential evaluation process, an ALJ is required to make specific findings in three phases. Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996); accord, Soc. Sec. Ruling (SSR) 82-62, 1975-1982 West's Soc. Sec. Reporting Serv., Rulings 809, 813 (1983). In phase one, "the ALJ should first assess the nature and extent of [the claimant's] physical limitations." Winfrey, 92 F.3d at 1023. In phase two, the ALJ must "make findings regarding the physical and mental demands of the claimant's past relevant work." Winfrey, 92 F.3d at 1024. Finally, in phase three, the ALJ must determine "whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." Id., 92 F.3d at 1023. These findings are to be made on the record by the ALJ. Id. at 1025; see also, SSR 82-62, 1975-1982 West's Soc. Sec. Reporting Serv., Rulings, at 813 ("decision must contain . . . specific findings of fact" regarding each of the three phases).

The court's discussion above reveals that in this case the ALJ made specific findings in phase one (RFC assessment--finding no.5, the nature and extent of Plaintiff's limitations) and phase three ("capable of performing past relevant work as a housekeeper," "able to perform it as generally performed"). (R. 14, 17). However, as Plaintiff argues, there is no finding regarding the physical and mental demands of

Plaintiff's past relevant work.  The nearest suggestion of such a finding is the ALJ's assertion that the DOT indicates that housekeeper is a "light unskilled (SVP 2) position." (R. 17).  However, this assertion says nothing regarding the job's demands in work-related activities that the ALJ found restricted--climbing, balancing, stooping, kneeling, crouching, and crawling; or regarding the job's demands in concentration, persistence, or pace--a work-related functional area in which the ALJ found Plaintiff has "moderate" difficulties.

     The Commissioner's argument that the ALJ considered the physical and mental demands of Plaintiff's past relevant work as it is generally performed is not helpful because the relevant standard does not merely require that the ALJ "consider" the physical and mental demands of Plaintiff's relevant work, the ALJ is required to make an on-the-record finding regarding the physical and mental demands of past relevant work. Winfrey, 92 F.3d at 1024, 1025; SSR 82-62, 1975-1982 West's Soc. Sec. Reporting Serv., Rulings, at 813.  The Commissioner's argument that Plaintiff does not show "what part, if any, of her past relevant work as described in the DOT she could not have performed during the relevant period," is similarly unhelpful, because Plaintiff has suggested demands of her past relevant work which she is unable to perform and, more importantly, what is missing in the decision is a finding mandated by SSR 82-62, and by controlling Tenth Circuit precedent.  SSR rulings are binding on an ALJ.  20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  Moreover, an on-the-record phase two finding is

required by the court's decision in <u>Winfrey</u>.  92 F.3d at 1025.  Remand is necessary for the Commissioner to properly evaluate step four in this case.  On remand, the Commissioner should also correct his admitted error in RFC assessment--failing to make a function-by-function assessment of Plaintiff's ability to do work-related activities.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 25th day of August 2011, at Kansas City, Kansas.

                                         s:/ John W. Lungstrum
                                         **John W. Lungstrum**
                                         **United States District Judge**